IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CALVIN LEON MASSEY, # 155562, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:14cv399-WHA |
| | ) (WO) |
| LEEPOSEY DANIELS, *et al.*, | ) |
| | ) |
| Respondents. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter concerns a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Calvin Leon Massey ("Massey"). Doc. No. 1.[1]

### I.   BACKGROUND

Massey pled guilty in the Montgomery County Circuit Court to two counts of attempted murder, a violation of §§ 13A-4-2 & 13A-6-2, Ala. Code 1975. On April 5, 2012, that court sentenced Massey to concurrent terms of life in prison.

Massey appealed, raising these claims:

1. The indictment was void because the copy provided to his counsel during discovery was not signed by the grand jury foreman.

2. There was an insufficient factual basis to support his guilty plea because the victims' injuries did not evidence an intent to kill.

3. His trial counsel rendered ineffective assistance by failing to investigate medical evidence and secure expert testimony to assist his defense.

Doc. No. 7-3 at 14-31.

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this civil action. Page references are to those assigned by CM/ECF.

On November 30, 2012, the Alabama Court of Criminal Appeals issued an unpublished memorandum opinion affirming Massey's conviction and sentence. Doc. No. 7-5. Massey applied for rehearing, which was overruled by the appellate court on January 4, 2013. *See* Doc. No. 7-1 at 2. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on March 15, 2013. *Id*. A certificate of judgment was entered that same date. *Id*.

On June 24, 2013, Massey, proceeding *pro se*, filed what he styled as a petition for writ of habeas corpus in the Elmore County Circuit Court. *See* Doc. No. 7-7 at 22. He filed an amendment to that petition on July 10, 2013. *Id*. at 10. Because Massey's self-styled habeas petition presented claims challenging his convictions and sentence, it was transferred to the Montgomery County Circuit Court, the court of conviction, to be treated as a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. *Id*. at 30-31. After his petition, as amended, was before the Montgomery County Circuit Court, Massey again amended to add additional claims. Doc. No. 7-8 at 22-30.

Massey's twice-amended Rule 32 petition set forth these claims:

1. Massey was wrongfully convicted of attempted murder because that crime was not included in the Alabama criminal code at the time of Massey's offense.

2. The indictment was void, and the trial court lacked jurisdiction to convict and sentence Massey, because the indictment was not signed by the grand jury foreman.

3. The indictment was void because it contained conflicting and/or ambiguous language.

4. Massey's guilty plea was involuntary because he entered it without understanding the elements of attempted murder.

5. The State failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

      6.      His trial counsel was ineffective for failing to investigate and prepare for trial and for failing to object to his void indictment.

      7.      His appellate counsel was ineffective for failing to preserve the issue of his void indictment for appellate review.

      8.      His life sentence exceeded the maximum allowed by law because his prior federal conviction was wrongfully used to enhance his sentence.

      9.      There was insufficient evidence to support the charges of attempted murder.

Doc. No. 7-7 at 8-9, 19-21; Doc. No. 7-8 at 22-30.

On November 21, 2013, the trial court denied Massey's Rule 32 petition. Doc. No. 7-8 at 45. Massey appealed, mostly reiterating the claims he raised in his Rule 32 petition but raising for the first time a double jeopardy claim and an additional allegation of ineffective assistance by his appellate counsel. *See* Doc. No. 7-10. On February 28, 2014, the Alabama Court of Criminal Appeals issued an unpublished memorandum opinion affirming the trial court's judgment denying Massey's Rule 32 petition. Doc. No. 7-12. Massey applied for rehearing, which was overruled by the appellate court on March 21, 2014. *See* Doc. No. 7-6 at 2. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on May 16, 2014. *Id*. A certificate of judgment was entered that same date. *Id*.

On May 27, 2014, Massey initiated this habeas action by filing a § 2254 petition asserting these claims:

      1.      His trial counsel rendered ineffective assistance by failing to (a) obtain a ballistics expert, (b) object to the victim's exaggeration of her injuries, (c) call the doctor who cared for the victim, and (d) object to the void indictment.

      2.      His appellate counsel rendered ineffective assistance by failing to (a) preserve a challenge to the void indictment and (b) ensure that a copy of the indictment served on him was in the appellate record.

      3.      The trial court lacked jurisdiction to convict and sentence him because the indictment was void.

    4.        The Stated failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

    5.        His convictions for two counts of attempted murder violated his double jeopardy rights because the counts arose from the same course of events.

    6.        His guilty plea was involuntary because his trial counsel failed to explain the elements of attempted murder to him.

    7.        There was insufficient evidence to support the charges of attempted murder.

Doc. No. 1 at 2-12.

In October 2014, Massey amended his § 2254 petition to add a claim that the trial the court lacked jurisdiction because his indictment was void, in that it was "fraudulent and manufactured by the Montgomery County, Alabama District Attorney's Office." Doc. No. 14 at 1-2.

The respondents maintain that, with three exceptions, Massey's § 2254 claims were fully litigated in the state courts and the state courts correctly determined that the claims entitle Massey to no relief. *See* Doc. Nos. 7 & 18. The respondents contend that Massey's claims that (1) his appellate counsel was ineffective for failing to ensure that a copy of the indictment served on him was in the appellate record, (2) his convictions violated his double jeopardy rights, and (3) his indictment was fraudulent and "manufactured" by the Montgomery County District Attorney's Office are procedurally defaulted because he did not properly present the claims to the state courts when he had the opportunity to do so and he cannot now return to state court to exhaust them. *Id*. After careful review of the § 2254 petition, the parties' submissions, and the record in this case, the undersigned finds that Massey's petition should be denied without an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.   DISCUSSION

**A.   Scope of Habeas Review for Claims Adjudicated on Merits by State Courts**

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief." *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. Sep. 21, 2010). To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404-05 & 412-13 (2000).

A state court's decision is "contrary to" federal law either if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 404-06; *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court's decision is an "unreasonable application" of federal law if it either correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 407. "Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Williams*, 529 U.S. at 411; *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). The reviewing court "must determine what arguments or theories supported or ... could have supported[ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are

5

inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 536 U.S. 170, 181 (2011) (internal citations omitted).

Federal courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### 1. *Massey's Claims of Ineffective Assistance of Counsel*

Massey asserts several grounds of allegedly ineffective assistance of counsel by the lawyers who represented him during proceedings in the trial court and on appeal. Doc. No. 1 at 5-6. Massey raised these claims in his Rule 32 petition and pursued them on appeal from the trial court's denial of that petition. Addressing the claims in its memorandum opinion affirming the trial court's judgment, the Alabama Court of Criminal Appeals stated:

> Massey contends that the circuit court erred "by not declaring trial counsel and appellate counsel ineffective." (Massey's brief, p. 17.)
>
> > "'To prevail on a claim of ineffective assistance of counsel, a [Rule 32] petitioner must show (1) that his counsel's performance was deficient, and (2) that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Ex parte Lawley*, 512 So. 2d 1370, 1372 (Ala. 1987). In the context of a guilty-plea proceeding, a petitioner must show that, but for counsel's errors, the petitioner would not have pleaded guilty but would have insisted on proceeding to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).'"
>
> *Ex parte Coleman*, 71 So. 3d 627, 632 (Ala. 2010) (quoting *Winbush v. State*, 18 So. 3d 423, 423 (Ala. Crim. App. 2009)).

6

> Massey, in his Rule 32 petition, alleged that his trial counsel was ineffective because, he said, his trial counsel "failed to order a balistics [sic] report from a[n] expert due to the fact that there was another shooter on the scene, along with two different gun casings"; "failed to thoroughly research the motion of discovery to also review the medical reports and see that the victim never received a direct shot and that her injuries were not life threatening"; "failed to seek the opinion of the medical doctor who saw the victim"; "let him plead guilt [sic] to attempted murder against Carvis Jones ... who said he felt bullets go by his head and he tried to shield his mom from being shot"; and for not challenging a void indictment. (C. 100-01.)
>
> Although Massey alleged that his trial counsel was deficient, Massey failed to plead facts establishing prejudice. Specifically, Massey did not allege that but for his trial counsel's errors he "would not have pleaded guilty but would have insisted on proceeding to trial." *Ex parte Coleman, supra.* Consequently, Massey failed to meet his "heavy" burden of pleading under Rule 32.3 and 32.6(b), Ala.R.Crim.P. *Hyde v. State*, 950 So. 2d 344, 356 (Ala. Crim. App. 2006). Accordingly, the circuit court did not err when it summarily dismissed Massey's ineffective-assistance-of-trial-counsel claim.
>
> With regard to Massey's ineffective-assistance-of-appellate-counsel claim, Massey, in his Rule 32 petition, alleged that his appellate counsel was ineffective for failing to raise in his motion to withdraw his guilty plea "the fact that [his] indictment was void." (C. 101.) Because we concluded in part II of this memorandum, however, that Massey's void-indictment claim was, on its face, without merit, Massey's ineffective-assistance-of-appellate-counsel claim is also without merit. *See Jackson v. State*, [Ms. CR-06-1026, Nov. 13, 2009] ___ So.3d ___, ___ (Ala. Crim. App. 2009) ("'Because the substantive claim underlying the claim of ineffective assistance of counsel has no merit, counsel could not be ineffective for failing to raise this issue.' *Lee v. State,* 44 So. 3d 1145, 1173 (Ala. Crim. App. 2009)."). Accordingly, the circuit court did not err when it summarily dismissed Massey's ineffective-assistance-of-appellate-counsel claim.

Doc. No. 7-12 at 11-12.

A claim of ineffective assistance of counsel must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption"

7

that counsel's performance was reasonable. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (internal quotation marks omitted). The prejudice prong of *Strickland* does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

The *Strickland* standard for evaluating claims of ineffective assistance of counsel was held applicable to guilty pleas in *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). A petitioner alleging ineffective assistance in this context must establish that counsel's performance was deficient (i.e., professionally unreasonable) and that counsel's deficient performance "affected the outcome of the plea process." *Hill*, 474 U.S. at 59. To establish prejudice, then, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would ... have pleaded [not] guilty and would ... have insisted on going to trial." *Id*. A mere allegation by a defendant that he would have insisted on going to trial but for counsel's errors is insufficient to establish prejudice; rather, the court will look to the factual circumstances surrounding the plea to determine whether the defendant would have proceeded to trial. *See Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001); *United States v. Arvantis*, 902 F.2d 489, 494 (7th Cir. 1990).

Here, because the Alabama Court of Criminal Appeals ruled on the merits of Massey's claims of ineffective assistance of counsel, this court's § 2254 review under *Strickland* is another

8

step removed from the original analysis, or as the Supreme Court puts it, "doubly deferential." *Burt v. Titlow*, ___ U.S. ___, ___, 134 S.Ct. 10, 13 (2013) (quotation marks and citation omitted); *see Tanzi v. Sec'y, Florida Dep't of Corr.*, 772 F.3d 644, 652 (11th Cir. 2014) (quoting *Burt*). The state-court decision finding that Massey failed to demonstrate prejudice resulting from his trial counsel's allegedly deficient performance was neither contrary to nor an unreasonable application of clearly established federal law. As the Alabama Court of Criminal Appeals found, Massey, in his Rule 32 petition, did not allege that but for his trial counsel's purported errors, he would have pleaded not guilty and would instead have insisted on going to trial. *See Hill*, 474 U.S. at 59. Thus, Massey did not establish prejudice under the standard of *Strickland* and *Hill*. Consequently, he is not entitled to federal habeas relief on this claim.

As for Massey's claim that his appellate counsel was ineffective for failing to preserve a challenge to his allegedly void indictment, the Alabama Court of Criminal Appeals denied relief based on its determination that Massey's void-indictment claim was without merit, and therefore any claim that appellate counsel was ineffective for failing to preserve and pursue the void-indictment claim would also lack merit. Doc. No. 7-12 at 12. Elsewhere in its opinion affirming the trial court's denial of Massey's Rule 32 petition, the Alabama Court of Criminal Appeals addressed the void-indictment claim:

> Massey contends that the circuit court erred "by not declaring the indictment void" because, he says, the indictment was "unsigned." (Massey's brief, pp. 12-13.)
>
> Massey's claim, however, is refuted by the record on direct appeal. The record in Massey's direct appeal includes a copy of the indictment charging Massey with two counts of attempted murder. (Record on Direct Appeal, C. 6.) That indictment is signed by the grand jury foreperson, a Montgomery County circuit judge, and the Montgomery Circuit Clerk. Thus, contrary to his assertion, Massey's indictment was, in fact, signed. Because Massey's claim is clearly refuted by the record on direct appeal, the circuit court did not err when it summarily dismissed this claim. *See McNabb v. State*, 991 So. 2d 313, 320 (Ala. Crim. App. 2007)

9

> (holding that "because [McNabb's] claim was clearly refuted by the record, summary denial was proper pursuant to Rule 32.7(d), Ala.R.Crim.P.").

Doc. No. 7-12 at 4-5 (footnotes omitted).

Counsel cannot be ineffective for failing to raise a meritless claim. *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Because Massey's underlying void-indictment claim lacked merit, the state court's adjudication of his related claim of ineffective assistance of appellate counsel was neither contrary to nor an unreasonable application of clearly established federal law, *see* 28 U.S.C. § 2254(d)(1); nor did it involve an unreasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2).[2] Consequently, Massey is not entitled to habeas relief on this claim.

### 2.  *Void-Indictment Claim*

---

[2] See copy of indictment in certified clerk's record, Doc. No. 7-2 at 6-8. On direct appeal, Massey raised a claim that the indictment was void because the copy provided to his defense counsel during discovery was not signed by the grand jury foreman, while the copy of the indictment in the clerk's record was signed by the grand jury foreman; therefore, there was no way to ascertain the time when the grand jury foreman signed the indictment as a true bill. *See* Doc. No. 7-3 at 16-19. The Alabama Court of Criminal Appeals held that this claim was unpreserved for appellate review because Massey failed to challenge the indictment by pre-trial motion, as provided by Ala.R.Crim.P. 15.2 & 15.3. Doc. No. 7-5 at 2-3. The Alabama Court of Criminal Appeals also noted that, under Alabama law, a defective indictment does not deprive the trial court of jurisdiction and instead is a non-jurisdictional error that can be waived if not preserved. Doc. No. 7-5 at 3 (citing *Ex Parte Seymour*, 946 So.2d 536, 539 (Ala. 2006), also citing *Reed v. State*, 748 So.2d 231 (Ala. Crim. App. 1999) (holding that the failure of the grand jury foreman to endorse an indictment a "true bill" does not deprive the court of jurisdiction to proceed with the prosecution); *Smith v. State*, 609 So.2d 449, 450 (Ala. Crim. App. 1992) (holding that the failure of the grand jury foreman to endorse the indictment a "true bill" did not affect the fundamental power of the court to proceed with the prosecution)). Because, on direct appeal, Massey's void-indictment claim was found to be waived by his failure to present the claim in a pre-trial motion, there is no apparent basis for his claim that his *appellate counsel* was ineffective for failing to preserve the claim for appellate review. At any rate, in Massey's appeal from the denial of his Rule 32 petition, the Alabama Court of Criminal Appeals reached the merits of both the void-indictment claim and Massey's claim that his appellate counsel was ineffective for failing to preserve the claim for appellate review.

As noted above in the discussion of Massey's claim that his appellate counsel was ineffective, Massey argues that the trial court lacked jurisdiction to convict and sentence him because his indictment was void. Doc. No. 1 at 8. He predicates this claim on an assertion that the indictment was unsigned by the grand jury foreman. *Id*. The Alabama Court of Criminal Appeals considered this claim and found it was clearly refuted by the record on direct appeal, which established that the indictment was indeed signed by the grand jury foreperson. Doc. No. 7-12 at 4-5; *see* Doc. No. 7-2 at 6-8. The Alabama Court of Criminal Appeals' decision was neither contrary to nor an unreasonable application of clearly established federal law, and it did not involve an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1) & (2). Therefore, Massey is not entitled to federal habeas relief on this claim.

### 3. *Brady* Claim

Massey contends that the State failed to disclose exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Doc. No. 1 at 7.

> A *Brady* violation has three components: "[1] The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; [2] that evidence must have been suppressed by the State, either willfully or inadvertently; and [3] prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). Evidence is not considered to have been suppressed if "the evidence itself ... proves that [the petitioner] was aware of the existence of that evidence before trial." *Felker v. Thomas*, 52 F.3d 907, 910 (11th Cir. 1995). The prejudice or materiality requirement is satisfied if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *see also Kyles v. Whitley*, 514 U.S. 419, 433, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). Materiality is determined by asking whether the government's evidentiary suppression undermines confidence in the guilty verdict. *See Kyles*, 514 U.S. at 434, 436-37 & n.10, 115 S.Ct. 1555.

*Boyd v. Comm'r, Alabama Dep't of Corr.*, 697 F.3d 1320, 1334-35 (11th Cir. 2012).

Massey raised his *Brady* claim in his Rule 32 petition and pursued it on appeal from the trial court's denial of the petition. Addressing the claim in its memorandum opinion affirming the trial court, the Alabama Court of Criminal Appeals stated:

> Massey contends that the circuit court erred "by not declaring that the conviction was obtained by the unconstitutional failure of the prosecution to disclose to [him] favorable evidence." (Massey's brief, p. 16.) Specifically, Massey alleged in his Rule 32 petition that
>
>> "[t]he prosecution knew that there was another shooter on the crime scene, Shang Thomas, Exhibit F, of the motion of discovery, the prosecution was also aware of the fact that two (2) different gun casings were on the crime scene, Exhibit G, of the motion of discovery. The medical records displayed a victim that never sustained a direct shot, only scrapnel [sic] to her leg, Exhibit H, and a graze to her left breast, Exhibit I. The motion of discovery from the alleged crime date also stated the victim was nonlife [sic] threatening condition and that no vitals were hit, Exhibit J. The medical doctor even went on to say that the victim was exaggerating her injuries and trying to manipulate the medical staff, Exhibit K. The prosecutor knew all of the above and was aware of the fact that attempted murder should not have been on the table in this case. The fact that Shang Thomas may have committed the crime is a violation of *Brady v. Maryland* [, 373 U.S. 83 (1963),] by the prosecution. The evidence did not establish the fact that Petitioner Massey did in fact shoot the victim."
>
> (C. 99.) Massey's claim, however, is insufficiently pleaded.
>
> In *Boyd v. State*, 913 So. 2d 1113 (Ala. Crim. App. 2003), this Court stated:
>
>> "Rule 32.6(b) requires that the petition itself disclose the facts relied upon in seeking relief. In other words, it is not the pleading of a conclusion which, if true, entitle[s] the petitioner to relief. It is the allegation of facts in pleading which, if true, entitle[s] a petitioner to relief. After facts are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala.R.Crim.P., to present evidence proving those alleged facts."
>
> 913 So. 2d at 1125 (emphasis in the original; internal citation and quotations omitted).

> Thus, to meet the specificity requirement contained in Rule 32.6(b), Ala.R.Crim.P., the petitioner must allege sufficient facts from which the circuit court, assuming those facts are true, can determine that the petitioner is entitled to relief. If the petitioner fails to allege any fact necessary to establish his entitlement to relief, he has failed to meet his burden of full-fact pleading. Ala.R.Crim.P. 32.6(b). Rule 32.7(d), Ala.R.Crim.P., provides for summary dismissal of a Rule 32 petition if, among other reasons, the petition "is not sufficiently specific," pursuant to Rule 32.6(b), Ala.R.Crim.P. The Alabama Supreme Court has held that a *Brady* violation occurs when "the State (1) suppresses (2) evidence favorable to a defendant and (3) that evidence is material." *Ex parte Belisle*, 11 So.3d 323, 329 (Ala. 2008) (footnotes omitted).
>
> Here, although Massey alleged that the State "knew" certain things and that the ''evidence did not establish the fact that [Massey] did in fact shoot the victim," Massey did not allege that the State suppressed evidence, that the evidence was favorable to him, and that the evidence was material. Consequently, Massey failed to satisfy his burden of pleading, and the circuit court did not err when it summarily dismissed this claim. *See* Rule 32.6(b), Ala.R.Crim.P.

Doc. No. 7-12 at 9-11.

Massey's allegations in his Rule 32 petition do not reflect that the State suppressed the evidence he refers to in the petition or that such evidence was not known to him before he pled guilty. Indeed, his petition indicates that the evidence was provided to the defense during discovery. Massey's argument, rather than supporting a claim under *Brady*, is addressed to how he says the evidence – which was known to both the defense and the State – should have been interpreted by the State. Essentially, he argues that the evidence could not support the charges of attempted murder laid against him. Such an argument, however, does not satisfy the requirements of *Brady* when the defense knew of the evidence before entry of the guilty plea and there is no showing that the State suppressed evidence. *See Felker v. Thomas*, 52 F.3d 907, 910 (11th Cir. 1995). The Alabama Court of Criminal Appeals' decision denying Massey relief on his *Brady* claim was neither contrary to nor an unreasonable application of clearly established federal law, and it did not involve an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1) & (2). Therefore, Massey is not entitled to habeas relief on this claim.

13

### 5. *Voluntariness of Guilty Plea: Elements of Attempted Murder*

Massey claims his guilty plea was involuntary because his trial counsel failed to explain the elements of attempted murder to him. Doc. No. 1 at 10-11. He raised this claim in his Rule 32 petition and pursued it on appeal from the trial court's denial of the petition. Addressing this claim, the Alabama Court of Criminal Appeals stated:

> To the extent that Massey contends that he did not understand the "nature of the crime [s] with which he is charged," that claim is without merit. This Court, in its memorandum affirming Massey's convictions and sentences, held that "[t]he transcript of Massey's guilty plea colloquy indicates that *Massey understood the charges against him* and the facts upon which those charges were based." *Massey*, mem. op. at 5 (emphasis added). Because the transcript of Massey's guilty-plea colloquy demonstrates that Massey understood the nature of the offenses for which he was charged, the circuit court did not err when it summarily dismissed this claim.

Doc. No. 7-12 at 7.

The transcript of Massey's guilty plea hearing reflects that, in setting forth the factual basis for the State, the prosecutor explained that Massey was charged with intentionally shooting at the two victims with a gun, intending to cause their deaths. Doc. No. 7-2 at 99-100. These were the elements of attempted murder as set forth in the indictment. *See id*. at 6-8. The transcript of the guilty plea hearing and the sentencing hearing also reflect that Massey's trial counsel discussed the nature of the charges with Massey before he entered his guilty plea and that it was Massey's hope that the State would reduce the charges from attempted murder to assault in the first or second degree, but the State was unwilling to reduce the charges. *Id*. at 94-96, 103-05. The record further reflects that Massey was well aware that the intent element of attempted murder – the intent to cause the deaths of the victims – was a characteristic of the offense to which he pled guilty that distinguished it from the offense of assault, the reduced charge he unsuccessfully sought from the State. Because the Alabama Court of Criminal Appeals' decision denying Massey relief on this claim was neither contrary to nor an unreasonable application of clearly established federal law

14

and it did not involve an unreasonable determination of the facts in light of the evidence presented, Massey is not entitled to federal habeas relief on this claim.  28 U.S.C. § 2254(d)(1) & (2).

### 6. *Sufficiency of Evidence to Support Charges of Attempted Murder*

Massey claims there was insufficient evidence to support the charges of attempted murder. Doc. No. 1 at 11-12.

Massey raised this claim in his Rule 32 petition and pursued it on appeal from the trial court's denial of the petition.  Addressing this claim, the Alabama Court of Criminal Appeals stated:

> Massey contends that the circuit court erred "by not ruling on the fact that the evidence was not sufficient enough to warrant attempted murder." (Massey's brief, p. 22.)  Massey's claim, however, is, on its face, without merit.
>
>> "'A plea of guilty is an admission of whatever is sufficiently charged in the indictment.  A voluntary guilty plea concludes the issue of guilt, dispenses with need for judicial fact finding, is conclusive as to the defendant's guilt, and is an admission of all facts sufficiently charged in the indictment.'
>
> "*Morrow v. State*, 426 So. 2d 481, 484 (Ala. Crim. App. 1982).  By pleading guilty, [Massey] admitted to all elements of the crime of [attempted murder] and relieved the State of its burden of presenting any evidence of the crime."
>
> *Whitman v. State*, 903 So. 2d 152, 155 (Ala. Crim. App. 2004).  Accordingly, the circuit court did not err when it summarily dismissed this claim.[*]
>
>> [*To the extent that Massey's argument can be construed as a challenge to the factual basis for his plea, that claim is also without merit.  This Court, in its memorandum affirming Massey's direct appeal, held:
>>
>>> "The State explained that Massey intentionally shot Lavonnette and Carviss Jones with the intent to kill them.  This was a sufficient factual basis to apprise Massey of the charges against him."
>>
>> *Massey*, mem. op. at 5.]

Doc. No. 7-12 at 13-14.

15

It is well settled that a voluntary plea of guilty admits all elements of the offense charged and is a waiver of all non-jurisdictional defects in the prior proceedings. *See, e.g., Picard v. Allgood*, 400 F.2d 887 (5th Cir. 1968). Massey has not demonstrated that his guilty plea was involuntarily entered. Consequently, his guilty plea relieved the State of its burden of presenting all its evidence supporting the charges of attempted murder. Further, a sufficient factual basis for the charges was presented by the prosecutor at Massey's guilty plea hearing. The Alabama Court of Criminal Appeals' decision denying Massey relief on this claim was neither contrary to nor an unreasonable application of clearly established federal law, and it did not involve an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1) & (2). Massey is not entitled to federal habeas relief on this claim.

**B.      Procedurally Defaulted Claims**

The respondents contend that Massey's claims that (1) his appellate counsel was ineffective for failing to ensure that a copy of the indictment served on him was in the appellate record, (2) his convictions violated his double jeopardy rights, and (3) his indictment was fraudulent and "manufactured" by the Montgomery County District Attorney's Office are procedurally defaulted because he did not properly present the claims to the state courts when he had the opportunity to do so and he cannot now return to state court to exhaust them. *See* Doc. Nos. 7 & 18. For the reasons set out below, this court agrees with the respondents that Massey has procedurally defaulted these claims.

<u>Exhaustion Requirement</u>

Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised. *See* 28 U.S.C. § 2254(b)(1) & (c); *Duncan v.*

*Walker*, 533 U.S. 167, 178-79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review – a petition for a writ of certiorari – filed in the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140-41 (11th Cir. 2001); Ala.R.App.P. 39 & 40. The exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

"[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003). The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971).

As noted above, Massey contends that his appellate counsel was ineffective for failing to ensure that a copy of the indictment served on him was in the appellate record and that his convictions violated his double jeopardy rights. He presented both of these claims for the first time in his petition for writ of certiorari filed with the Alabama Supreme Court during the appeal stage of his Rule 32 proceedings. *See* Doc. No. 7-13. Because he presented these claims for the first time on certiorari to the Alabama Supreme Court, he did not subject the claims to a complete round of Alabama's established appellate review process. *See O'Sullivan,* 526 U.S. at 845; *Smith*, 256 F.3d at 1140-41; *Pruitt*, 348 F.3d at 1359. As such, the claims were not properly exhausted

17

in state court. Moreover, there remains no avenue for Massey to return to state court to exhaust these claims, as it would be too late for him to assert them in a direct appeal, and if asserted in a state Rule 32 petition, they would be untimely under Ala.R.Crim.P. 32.2(c)'s one-year limitation period and precluded by the successive-petition bar in Ala.R.Crim.P. 32.2(b). Accordingly, these claims are procedurally defaulted for purposes of federal habeas review. *Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891.

The same is true for Massey's claim that his indictment was fraudulent and "manufactured" by the Montgomery County District Attorney's Office. This claim is raised for the first time in Massey's amendment to his § 2254 petition, and was never presented to the state courts. Because state procedural rules would bar Massey from returning to state court to present this claim, the claim is procedurally defaulted in this proceeding.

Exceptions to Procedural Default

This court may reach the merits of a procedurally defaulted claim in two narrow circumstances:

> First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); [*Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977) ].... Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96. A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*.

*Henderson*, 353 F.3d at 892.

Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules or that the procedural default resulted from ineffective assistance of counsel. *Murray v.*

*Carrier*, 477 U.S. 478, 488 (1986); *United States v. Frady*, 456 U.S. 152, 170 (1982). In this context, to establish prejudice, a petitioner must show that the errors at trial worked to his actual and substantial disadvantage, "infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170; *see Murray*, 477 U.S. at 494.

Demonstrated actual innocence may trump a procedural bar in a habeas proceeding to provide a gateway to federal review of an otherwise defaulted § 2254 claim. *See Murray*, 477 U.S. at 495-96; *Rozzelle v. Secretary, Florida Dept. of Corrections*, 672 F.3d 1000, 1011 (11th Cir. 2012); *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). In *Schlup v. Delo*, 513 U.S. 298 (1995), the United States Supreme Court held that prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no *reasonable* juror would have found [the] petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. This standard is demanding and permits review only in the "extraordinary" case.[3] *House v. Bell*, 547 U.S. 518, 538 (2006). A petitioner must show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

Massey does not attempt to establish cause excusing the procedural default of the above-discussed claims. Consequently, the claims are procedurally barred for purposes of federal habeas

---

[3] As the Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

review. Nor does Massey attempt to demonstrate his actual innocence consistent with the standards set forth in *Schlup*. Therefore, he is not entitled to benefit from the actual-innocence exception to procedural default, and his defaulted claims are not subject to habeas review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before September 28, 2016. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 13th day of September, 2016.

      /s/ Terry F. Moorer
      TERRY F. MOORER
      UNITED STATES MAGISTRATE JUDGE